IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRENDA BAUGH, et al., }
                            }
   Plaintiffs,      }
                            }   CIVIL ACTION NO.
v.                           }
                            }   CV-00-AR-3756-S
KMART CORPORATION, }
                            }
   Defendant.      }

**MEMORANDUM OPINION**

    The court has for consideration the motion of plaintiffs filed on September 6, 2001, seeking to compel "defendants, Terrence Traywick, Isaiah Wilhelm, Emmis Broadcasting of St. Louis, Ajis Corporation and Steve and DC, Inc." to respond more fully to plaintiffs' discovery requests. In the first place, none of the said entities are defendants, and nothing in the file indicates that any of them received any discovery requests or notice of the motion. More importantly, the requests for production and interrogatories served on defendant were responded to on May 11, 2001. Its responses included objections. It was not until August 21, 2001, that plaintiffs voiced any complaint to defendant about alleged shortcomings in its responses.

    Although the rules do not provide a specific time within which a party must complain about another party's alleged shortcomings in discovery responses, Rule 1, F.R.Civ.P. provides that the rules "shall be construed and administered to secure the **just, speedy** and **inexpensive** determination of every action" (emphasis supplied).

The rule of reasonableness requires that a party who knows that there are deadlines for completing discovery and filing dispositive motions must notify the other party, and thereafter the court, within a reasonable period of time of the appearance of a discovery dispute. Seventy days between plaintiffs' receipt of defendant's discovery materials and plaintiffs' complaining of the inadequacy of defendant's response exceeds a reasonable time period by this court's definition of reasonableness.

Although the letters of August 21, 2001, and August 23, 2001, from plaintiffs' counsel to defendant's counsel, demanding more complete responses by August 31, 2001, are attached to plaintiffs' motion as exhibits, plaintiffs' motion, which is deemed addressed to defendant and not to the entities strangely listed in the motion, does not contain the certification expressly required by Rule 37(a)(2)(B), F.R.Civ.P. of a good faith attempt to confer with defendant in an effort to secure the information or material being sought without court action.

For these reasons plaintiffs' motion to compel will be denied by separate order.

DONE this 17th day of September, 2001.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE